DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK DIGIACOMO** and **LAW OFFICE OF FRANK DIGIACOMO, ESQUIRE, P.A.**,
Appellants,

v.

**KOGAN & DISALVO, P.A.** et al.,
Appellee.

No. 4D21-215

[June 9, 2021]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Reginald Roy Corlew, Judge; L.T. Case Nos. 50-2019-AP-000148-CA-XXMB and 50-2017-SC-002453-XXXX-SB.

Salvatore DiGiacomo of Law Office of Frank DiGiacomo, P.A., Stuart, for appellants.

George M. Bakalar of Kogan & DiSalvo, P.A., Boynton Beach, for appellee.

DAMOORGIAN, J.

Frank DiGiacomo and Law Office of Frank DiGiacomo, Esquire, P.A. ("Defendants"), the prevailing parties below, appeal the court's denial of their request for: (1) attorney's fees and costs pursuant to section 768.79, Florida Statutes; (2) attorney's fees as a sanction pursuant to section 57.105, Florida Statutes; and (3) costs under section 57.041, Florida Statutes. We affirm the court's denial of attorney's fees and costs under sections 768.79 and 57.105 without further comment. We reverse, however, the court's denial of costs under section 57.041.

Section 57.041 provides that "[t]he party recovering judgment shall recover all his or her legal costs." § 57.041(1), Fla. Stat. (2019). "Where costs are sought based on section 57.041(1), a trial court has no discretion to deny the party obtaining judgment its lawful costs." *Roberts v. Third Palm, LLC*, 300 So. 3d 1216, 1217 (Fla. 4th DCA 2020). As summary judgment was ultimately entered in Defendants' favor below, they are

entitled to costs under section 57.041 as a matter of law.[1]  *See id.* at 1218 (holding that the defendant was entitled to costs under section 57.041 after summary judgment was entered in the defendant's favor).

Accordingly, we reverse and remand for the court to award Defendants costs under section 57.041, Florida Statutes.

*Affirmed in part, reversed in part, and remanded.*

KUNTZ and ARTAU, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

---

[1]  Appellee Kogan & DiSalvo, P.A., the plaintiff below, concedes that Defendants are technically entitled to costs under section 57.041, but argues that Defendants waived the issue on appeal.  Specifically, appellee argues that Defendants did not reference the statute in the issue statement portion of their initial brief.  We disagree.  Although Defendants did not specifically reference section 57.041 in their issue statement, they sufficiently referenced the motion for costs and addressed the argument in the body of the initial brief.  *See Hoskins v. State*, 75 So. 3d 250, 257 (Fla. 2011) (recognizing that a party must sufficiently raise an argument in its initial brief or the argument will not be considered on appeal).